## Zuk License

*Paul R. Selecky*, Special Deputy Attorney General, for Pennsylvania Liquor Control Board.

*Enoch Thomas* and *Gloria P. Thomas*, for appellant.

PINOLA, J., January 10, 1951.—This is an appeal from an order of the Pennsylvania Liquor Control Board revoking the restaurant liquor license of George Zuk and Mary Zuk for premises No. 547 Front Street, in the Borough of Warrior Run, because George Zuk, colicensee, is not a proper person to hold a restaurant liquor license since he was convicted of statutory rape and sentenced to imprisonment for a period of from two and one-half years to five years.

On February 9, 1949, the board issued a citation to show cause why the license issued to appellant and her husband should not be revoked and the bond forfeited. A hearing was held on March 9, 1949, and on June 7, 1949, the board being "of the opinion that the *licensees* violated the laws of the Commonwealth and the regulations of the board", entered an order revoking the license. Upon presentation of a petition, an appeal was allowed by this court and the proceedings were stayed pending its disposition.

### Testimony

At the hearing Mary Zuk testified that the license for the premises had been in her name alone from 1936 to 1946, and that her husband, George Zuk, forced her to add his name to it during 1946. She has never been cited for any violation whatsoever, nor has she ever been involved in any trouble of any kind.

After her husband's trouble she asked the board to delete his name from the license, but it refused to do so.

While the property is in both names, she claims it represents the investment of herself and her son, Alexander. There is at present a mortgage of $3,500 against the premises.

The property with the license is worth between $10,000 and $15,000; without a license it is worth much less.

Her life with her husband has been one of trouble. He has left her frequently, he has been careless about making provisions for the family, and he has quarreled with her constantly. She is a woman 55 years of age and has no other means of support.

From the testimony of witnesses, it is apparent that she has the confidence and respect of all of the people in the community.

Edwin Maycock, a resident of the borough and a school director, lives about 12 feet from the premises. He said he has known Mrs. Zuk for at least 25 years, and that she has operated an orderly establishment at all times. The place is immaculate and she serves good meals.

Stanley Nadwodny, tax collector of the borough, testified to the same effect. He added that at all times he has seen Mrs. Zuk operating the business; she is "a very fine woman and the people in the town will stand behind her 100 percent".

Albert Opalko, a justice of the peace of the town, also testified to the excellent reputation of her establishment and that she is a law abiding citizen.

Margaret Caughan, who holds a responsible position in one of the large stores in Wilkes-Barre, lives next door to the premises. She has known Mrs. Zuk for 28 years and she, too, testified to the excellent reputation of the business place and to the fact that Mrs. Zuk has always been a law abiding person.

### Discussion

Ordinarily a joint holder of a license must suffer for the violation of either law or regulation by a colicensee in the conduct of the business. It may well be that she should be held liable for violations of law arising outside of the business. However, we do not believe that Mrs. Zuk should suffer for a particular crime committed by her husband.

While it is true that rape is an offense against the public, it is at the same time particularly an offense against the wife who had the right, under his marriage vows, to her husband's fidelity and loyalty. She is a good woman and has worked hard to conduct a business in a proper manner. It would be harsh, indeed, to revoke the license of a woman who has already suffered so much. She ought to be entitled to salvage something of the wreckage of her married life. In justice to her, we believe the license should not be revoked and that she should be given an opportunity to transfer either with or without the property to some third person.

While we sustain the finding of the board that George Zuk was imprisoned for rape and thereupon became an unfit person to hold a license, we do not sustain the finding of the board that "the licensees violated the laws of the Commonwealth".

Lest others concerned be inclined to consider this decision as a precedent, we make it clear that it is based entirely upon the particular circumstances of this case and will not be regarded by us as a precedent.

Accordingly, we make the following

### Order

Now, January 10, 1951, the appeal of Mary Zuk is sustained and the revocation of the license of George Zuk and Mary Zuk is set aside; it is further ordered and directed that the license of George Zuk and Mary Zuk be suspended for a period of 60 days. During that time Mary Zuk is to dispose of the same by bone fide sale. In the event that a sale be not effected, the suspension is to continue in force until a transfer has been made in accordance with the rules and regulations of the Pennsylvania Liquor Control Board, appellant to pay the costs.